■ ELIZABETH A. WILDE, Respondent, v. RUSSELL H. WILDE, Appellant.—Judgment unanimously modified on the facts to reduce the principal sum to $6,752.78 and, as so modified, affirmed, without costs or disbursements. The court found that defendant's liability was $125 a week for the period that plaintiff was deprived of support, against which sum defendant was entitled to certain credits. With this we agree. The court, however, in making the calculation used a period of 78 weeks, which equalled the year and a half which was referred to on the trial. Actually, the record shows that the period during which plaintiff was deprived of support, and hence was entitled to sue for necessaries, was 74½ weeks. The modification reflects the difference. Concur—Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.

■ JULIETTE M. D'AMATO, Respondent, v. HORACE J. D'AMATO, Appellant.—Judgment unanimously affirmed, without costs and without disbursements. The complaint sought, and the court awarded, the sums payable under the agreement for the year 1964. As the defense of breach of the agreement entitling defendant to rescind depended on acts allegedly occurring in 1965 and thereafter, it was properly dismissed. Nothing herein decided affects the rights of either party as to events taking place after 1964. Concur—McNally, J. P., Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM LEWIS v. WARDEN.—Motion for an order discharging appellant from incarceration dismissed as moot, without costs. Concur—Botein, P. J., Rabin, Stevens, Eager, and Steuer, JJ.

■ In the Matter of LOUIS KAYE (Admitted as LOUIS KAMINETSKY), an Attorney.—Motion granted to the extent of amending the order of disbarment of this court entered on January 13, 1966 [24 A D 2d 345], to recite the following: "Upon the matter there were presented and necessarily passed upon questions under the Constitution of the United States, viz., whether respondent's rights under the Fourth, Fifth and Fourteenth Amendments were violated. The court held that they were not." In all other respects, the motion is denied. Concur—Breitel, J. P., McNally, Stevens and Eager, JJ.